### In re NATIONAL STAFFING SERVICES, LLC, Debtor.

**No. 05–74450.**

United States Bankruptcy Court, N.D. Ohio.

Nov. 23, 2005.

See also 338 B.R. 31, 2005 WL 3729404.

***

James M. Perlman, Toledo, OH, for debtor.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Hearing on the DIP's Motion for Extension of Stay to Include Guarantors on Contingent Liability of DIP, and the objection thereto filed by RFCBC, a creditor in this case. At the Hearing schedule on this matter, all the Parties with an interest in this case were afforded the opportunity to present evidence and make arguments in support of their respective positions. At the conclusion of the Hearing, the matter was taken under advisement so as to afford the Court a thorough opportunity to consider the issues raised by the Parties. The Court has now had this opportunity, and finds, for the reasons set forth herein, that the DIP's Motion to Extend the Stay should be Denied.

In its Motion for an extension of the stay, the Debtor–in–Possession, National Staffing Services, LLC, asks "for the entry of an Order extending the stay of proceedings against guarantors of Debtor's alleged obligations, Wade Kohn and Marjorie Flores." (Doc. No. 12, at pg. 1). Said guarantee was executed by Mr. Kohn and Ms. Flores as a security for the extension of credit to the Debtor by Great Lakes Funding, previously a debtor before this Court, with the latter then assigning the guarantee to the objector, RFCBC. Pursuant to 28 U.S.C. § 157(b)(2)(A)/(G), a determination for the extension of the stay is a "core proceeding" over which this Court has been conferred with the jurisdictional authority to enter final orders and judgments.

At the commencement of a case, a stay arises by operation of law pursuant to 11 U.S.C. § 362(a). Its effect is to

impose a wide-ranging prohibition on all activity outside the bankruptcy forum to collect prepetition debts from the debtor or to assert or enforce claims against the debtor's prepetition property or estate property. But, by its express terms, the only entity to which the § 362 stay applies is the debtor. As such, it may not be extended to third parties such as the Debtor's co-guarantors. In *Lynch v. Johns–Manville Sales Corp.*, the Sixth Circuit explained:

> it is noted that [§ 362(a) ] facially stays proceedings 'against the debtor' and fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor[.]
>
> . . .
>
> It is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor.

710 F.2d 1194, 1196 (6th Cir.1983).

■ Notwithstanding, the Sixth Circuit has held that injunctive relief may be extended to third parties who are liable with the debtor. *In re Eagle–Picher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir.1992). The authority to take this action, however, is found not in § 362; rather, it is derived from the bankruptcy court's equity jurisdiction as contained in 11 U.S.C. § 105(a). *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir.1993).

At the same time, imposing an injunction for the benefit of a nondebtor party, besides depriving another party from the benefit of their bargain, also permits the nondebtor party to receive a major benefit of the bankruptcy process without having to be subject to any of its burdens and safeguards. In this way, the Sixth Circuit observed that an injunction against a non-consenting creditor's claim is a dramatic measure to be used cautiously. *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 658 (6th Cir.2002). As a legal standard, the Sixth Circuit has therefore held that before such an injunction may be imposed, "unusual circumstances" must exist. *Id.*

■ Although a variety of factors may be considered when ascertaining the existence of "unusual circumstances" a common one, and the one relied upon by the Debtor in this matter, occurs when there is an "identity of interests" between the debtor and the third party. *Id.* The paradigm for this situation being where both the third-party and the debtor are, or may potentially be, defendants in the same suit. This case is no exception. To secure payments for the extension of credit to the Debtor, Mr. Kohn and Ms. Flores executed a "Client Guaranty" which provided, among other things, that they agree to be held jointly and severally liable for amounts owed by the Debtor. (Doc. No. 24, at pg. 2).

But as a threshold matter, joint liability on a debt is, by itself, anything but an "unusual circumstance." Suretyship is as old as commerce. And far from showing an "identity of interest," in many instances it will be just the opposite.

Joint and several liability permits recovery from just one party, although more are liable. Thus, in this matter, RFCBC may elect to pursue, on account of their guaranty, just Mr. Kohn/Ms. Flores, and not the Debtor. Resultantly, the interests of Mr. Kohn and Ms. Flores as against the Debtor may not only lack "identity," but may appreciably diverge because as far as the Debtor's estate is concerned, the greater recovery had against Mr. Kohn and Ms. Flores on their guarantee the better; any recovery against them will proportionally

lessen the Debtor's liabilities to RFCBC, Inc. as assignee of said guaranty.

The Debtor, however, puts forth that an "identity of interest" exists in these particular circumstances since its claims and defenses against RFCBC would mirror those of Mr. Kohn and Ms. Flores, making it an "indispensable party" in any action brought against them in a nonbankruptcy forum. In more depth, the Debtor also raises the concern of inconsistent judgments, and the effect of collateral estoppel thereon, because any proceeding against the Debtor, but not Mr. Kohn and Ms. Flores, has been stayed by the commencement of this bankruptcy case. (Doc. No. 12, at pg. 8).

The concerns of the Debtor are valid: duplicative suits may occur. Yet, this does not form a pretext for affording to Mr. Kohn and Ms. Flores the benefit of a § 105(a) injunction. In *Lynch v. Johns–Manville Sales Corp.*, the Sixth Circuit Court of Appeals addressed this type of argument, and rejected it, stating:

> it is initially observed that any duplicative or multiple litigation which may occur is a direct by-product of bankruptcy law. As such, the duplication, to the extent that it may exist, is congressionally created and sanctioned.

710 F.2d at 1199.

Rather, the type of joint liability which will give rise to an "identity of interest" so as to justify the imposition of an injunction against a nondebtor-defendant will, in the words of the Sixth Circuit, "usually [involve] an indemnity relationship, such that a suit against the non-debtor is, in essence, a suit against the debtor or will deplete the assets of the estate." *In re Dow Corning Corp.*, 280 F.3d at 658. As for the extent of the indemnity relationship, the Sixth Circuit has specifically mentioned "absolute indemnity by the debtor on account of any judgment that might result against

them in the case." *In re Eagle–Picher Industries, Inc.*, 963 F.2d at 861, *citing A.H. Robins, Inc. v. Piccinin,* 788 F.2d 994 (4th Cir.1986). The circumstances in this case do not reach this level.

As already mentioned, any suit brought against Mr. Kohn and Ms. Flores will not deplete estate assets, but may, in fact, enhance the assets available for distribution to the general creditor body. Additionally, there exist procedural devices, less imposing than applying an injunction against a nondebtor defendant, that would potentially ameliorate many of the Debtor's concerns—for example, obtaining against the Debtor relief from stay to allow any judicial action to proceed in a nonbankruptcy forum, or intervention by Mr. Kohn and Ms. Flores under Bankruptcy Rule 7024. Consequently, when looking at things as a whole, what the Court has before it is simply a garden-variety surety relationship whereby Mr. Kohn and Ms. Flores, like countless other business people, agreed to be held jointly and severally liable on a debt extended to a corporation—the Debtor—in which they are the principals. As such, there exists no "unusual circumstances" which would justify extending to Mr. Kohn and Ms. Flores the benefits of a § 105(a) injunction.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Debtor, National Staffing Services, LLC, for the Extension of Stay to Include Guarantors on Contingent Liability of DIP, be, and is hereby, DENIED.